UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIANNCA VERA and JOSE VERA, individually, and on behalf of all other similarly situated consumers,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ASHWOOD FINANCIAL, INC.,<br><br>　　　　Defendant. | Case No.:<br><br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiffs, Biannca Vera and Jose Vera, allege:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiffs are residents of Teaneck, New Jersey and are "consumers" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Ashwood Financial Inc. ("Defendant") is a corporation doing business in the State of New Jersey with its corporate address located at 6325A South East Street, Indianapolis, Indiana 46227.

Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6. On a date better known by Defendant, Plaintiffs incurred medical debts which Defendant sought to collect from Plaintiffs.

7. Plaintiffs' debts are considered a "debt" as that term is used and defined under the FDCPA.

8. In attempt to collect said debt, Defendant sent Plaintiffs initial dunning letters on January 17, 2018. See Exhibit A.

9. The letters failed to provide Plaintiffs with an adequate validation notice.

10. The letters provide the following notice on the bottom:

> Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof in writing, it will be assumed to be valid. If you notify this office within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request information, within the thirty (30) day period, the name and address of the original creditor, this office will provide you with the requested information.

11. To begin with, the letters fail to clearly convey what type of request is required in order to obtain information regarding the original creditor. It does this by substantially deviating from 15 USCS § 1692g(a)(5), and failing to provide that notice.

12. Further, Defendant's second and third sentences fail to advise the consumer that the requested information will only be obtained if the dispute is made in writing. 15 USCS § 1692g(a)(4)-(5) both have in writing requirements under the statute and relevant Third Circuit case law.

13. Accordingly, the least sophisticated consumer is not adequately informed of his or her rights and therefore the letter violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

14. Plaintiffs brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

15. With respect to the Plaintiffs' Class, this claim is brought on behalf of the following class:

> (a) all consumers with a New Jersey address; (b) for which Defendant sent a collection letter substantially similar to Exhibit A (c) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

16. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

17. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### **Common Questions of Law and Fact**

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiffs and the Class have been injured by Defendant's conduct; (iii) whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

### **Typicality**

21. The Plaintiffs claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

### **Protecting the Interests of the Class Members**

22. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiffs' counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

25. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of their ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. Defendant failed to provide the required validation notice, and further overshadowed the notice with confusing language in violation of 15 U.S.C. §§ 1692g(a) and (b).

WHEREFORE, Plaintiffs, Biannca Vera and Jose Vera, respectfully request that this Court do the following for the benefit of Plaintiffs:

    a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiffs as the Class Representatives, and appoint Plaintiffs' Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

    e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

    f. Grant such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

35. Plaintiffs demand a jury trial on all issues so triable.

Dated this 10th day of January, 2019.

                                                           Respectfully Submitted,

                                                           <u>/S/ Daniel Zemel</u>
                                                           Daniel Zemel, Esq.
                                                           Nicholas Linker, Esq.
                                                           Zemel Law LLC
                                                           1373 Broad St, Suite 203-C
                                                           Clifton, New Jersey 07013
                                                           (P) (862) 227-3106
                                                           dz@zemellawllc.com
                                                           nl@zemellawllc.com
                                                           Attorneys for Plaintiffs