UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIANNCA VERA and JOSE VERA, individually and on behalf of all other similarly situated consumers,<br><br>*Plaintiffs*,<br><br>v.<br><br>ASHWOOD FINANCIAL, INC.,<br><br>*Defendant.* | Civil Action No. 19-344<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Plaintiffs Biannca Vera's ("Biannca") and Jose Vera's ("Jose," or, together with Biannca, "Plaintiffs") unopposed Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b),[1] ECF No. 7, against Defendant Ashwood Financial, Inc. ("Defendant");

and it appearing that this action arises out of Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., Compl. ¶ 1, ECF No. 1;

and it appearing that Defendant sought to collect medical debts which Plaintiffs incurred by sending initial dunning letters on January 17, 2018, id. ¶¶ 6-8; see also ECF No. 1.2 (the "Dunning Letters");

and it appearing that the Dunning Letters contain a validation notice which Plaintiffs claim is inadequate and misleading, Compl. ¶¶ 9-13;[2]

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

[2] The validation notice in the Dunning Letters provides:
"Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof in writing, it will be assumed to be valid. If you notify this office within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this

1

and it appearing that on January 10, 2019, Plaintiffs filed a class action complaint against Defendant, asserting that Defendant violated the FDCPA, 15 U.S.C. §§ 1692g(a)-(b), id. ¶¶ 33-34;

and it appearing that Defendant has failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that Plaintiffs filed the present Motion for Default Judgment against Defendant on July 29, 2019, ECF No. 7;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service upon Defendant, ECF No. 5;

and it appearing that the Court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has federal question jurisdiction because the Complaint raises issues under the FDCPA, see 29 U.S.C. § 1331; 15 U.S.C. § 1692k;

and it appearing that the Court may exercise personal jurisdiction where "the defendant has constitutionally sufficient 'minimum contacts' with the forum . . . and where subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice,'" Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 369 (3d Cir. 2002) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945));

---

office. If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with the requested information. This is required under the Fair Debt Collection Practices Act.
Compl. ¶ 10 (the "Validation Notice").

and it appearing that the Court may exercise personal jurisdiction over Defendant because mailing the Dunning Letters to New Jersey was a constitutionally sufficient contact with this forum, see, e.g., Gentry v. Leading Edge Recovery Sols., LLC, No. 13-3398, 2014 WL 131811, at *4-5 (D.N.J. Jan. 10, 2014);

and it appearing that, before entering default judgment, the Court must also determine whether Plaintiffs' Complaint sufficiently pleads a cause of action and whether Plaintiffs have proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing that to state a claim under the FDCPA, a plaintiff must establish "that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt," Levins v. Healthcare Revenue Recovery Group LLC, 902 F.3d 274, 280 (3d Cir. 2018) (citation and quotation marks omitted);

and it appearing that the FDCPA requires a debt collector to provide a consumer with a written notice containing certain information regarding the debt allegedly owed within five days of the debt collector's initial communication with the consumer, see 15 U.S.C. § 1692g(a)-(b) (the "Validation Rights");

and it appearing that Plaintiffs are consumers and Defendant is a debt collector for purposes of the FDCPA, see Compl. ¶¶ 4-5;

and it appearing that the Dunning Letters are an attempt to collect a "debt" as defined by the FDCPA, see id. ¶¶ 6-8;

and it appearing that Plaintiffs argue that the Dunning Letters violate Section 1692g of the FDCPA by failing to provide adequate notice of their Validation Rights under the Act, see id. ¶¶ 9-13;

and it appearing that courts analyze claims under the FDCPA "from the perspective of the least sophisticated debtor," <u>Brown v. Card Serv. Ctr.</u>, 464 F.3d 450, 454 (3d Cir. 2006), which is a "low standard" under which they presume the debtor has "a basic level of understanding and willingness to read with care," <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 221 (3d Cir. 2008); <u>see also</u> <u>Campuzano-Burgos v. Midland Credit Mgmt., Inc.</u>, 550 F.3d 294, 299 (3d Cir. 2008) ("[T]he least sophisticated debtor is bound to read collection notices in their entirety.");

and it appearing that Section 1692g requires that a debt collector present "a statement that, upon the consumer's <u>written request</u> within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor," 15 U.S.C. § 1692g(a)(5) (emphasis added);

and it appearing that Plaintiffs argue the Dunning Letters, which state, "If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with the requested information," <u>see</u> Dunning Letters at 1, violate Section 1692g because they do not "clearly convey what type of request is required to obtain information regarding the original creditor," Pl. Mem. at 4, ECF No. 7.1;

and it appearing that the least sophisticated consumer could be confused by this language because it does not specify that the request for information must be in writing, as required by the FDCPA, <u>see</u> 15 U.S.C. § 1692g(a)(5), and the consumer could instead believe that she could make the request orally, <u>see</u> Dunning Letters at 1 (providing a phone number to reach the "Account Representative" who sent the letter);[3]

---

[3] While the FDCPA's "in writing" requirement with respect to <u>validation</u> of the debt under 15 U.S.C. § 1692g(a)(4) has been extensively litigated, <u>see, e.g.,</u> <u>Caprio v. Healthcare Revenue Recovery Grp.</u>, LLC, 709 F.3d 142, 148 (3d Cir. 2013); <u>Hernandez v. Mercantile Adjustment Bureau, LLC</u>, No. 13-843, 2013 WL 6178594, at *2-3 (D.N.J. Nov. 22, 2013) (collecting cases), it appears that the contours of the "in writing" requirement under 15 U.S.C. § 1692g(a)(5)

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that the FDCPA provides for statutory damages, see 15 U.S.C. § 1692k(a)(2) (providing statutory damages of up to $1,000 in an action by an individual, or, in the case of a class action, up to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector," plus up to $1,000 for each named plaintiff);

and it appearing that Plaintiffs seek the maximum of $1,000 each in statutory damages, see Pl. Mem. at 4-5;

and it appearing that the statutory maximum is typically only awarded in cases "where there has been repetitive, egregious FDCPA violations," and that "even in such cases, the statutory awards are often less than $1,000," Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *5-6 (D.N.J. Dec. 21, 2010) (collecting cases);

and it appearing that Plaintiffs have not adduced evidence of "repetitive, egregious FDCPA violations" in this case, Ford, 2010 WL 5392643, at *5;

and it appearing that Plaintiffs' debts were relatively minor, see Dunning Letters at 1-2 ($168.05 debt for Biannca, $164.47 debt for Jose);

and it appearing that Plaintiffs have not provided the Court with any evidence of actual damages suffered and have not made any allegations that, for example, they suffered any emotional distress as a result of Defendant's attempts to collect their debts, compare Ford, 2010 WL 5392643, at *5-6 (summarizing statutory damage amounts awarded in numerous FDCPA cases, ultimately

---

presents a novel issue in this Circuit. Given that Plaintiff advances this argument in the context of an application for default judgment, the Court finds that the Dunning Letters are sufficiently confusing that Plaintiffs state a claim under the FDCPA for failing to provide adequate notice of their Validation Rights.

awarding $350 in statutory damages because plaintiff suffered "a few weeks of anxiety regarding" the debt collection, and noting that "statutory damages [are required] because an FDCPA violation has been found, but the maximum penalty is unwarranted");

and it appearing that the Court cannot fairly set statutory damages on this record;

**IT IS** on this 21st day of February, 2020;

**ORDERED** that Plaintiffs' Motion for Default Judgment, ECF No. 7, is hereby **DENIED** without prejudice, and any renewed motion shall explain how the statutory damages requested reasonably flow from the claims asserted and accord with precedent in this District.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**