UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIANNCA VERA and JOSE VERA, individually and on behalf of all other similarly situated consumers,<br><br> *Plaintiffs*,<br><br> v.<br><br>ASHWOOD FINANCIAL, INC.,<br><br> *Defendant.* | Civil Action No. 19-344<br><br>ORDER |

 **THIS MATTER** comes before the Court by way of Plaintiffs Biannca Vera's and Jose Vera's (collectively "Plaintiffs") unopposed Second Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b),[1] ECF No. 13, against Defendant Ashwood Financial, Inc. ("Defendant");

 and it appearing that this action arises out of Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., Compl. ¶ 1, ECF No. 1;

 and it appearing that Defendant sought to collect medical debts which Plaintiffs incurred by sending dunning letters on January 17, 2018, id. ¶¶ 6-8; see also ECF No. 1.2 (the "Dunning Letters");

 and it appearing that the Dunning Letters contain a validation notice which Plaintiffs claim is inadequate and misleading, Compl. ¶¶ 9-13;[2]

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

[2] The validation notice in the Dunning Letters provides:

 "Unless within (30) days after receipt of the first communication from this office you dispute the validity of the debt or any portion thereof in writing, it will be assumed to be valid. If you notify this office within the thirty (30) day period after receipt of the first communication from this office that you dispute the debt or any

1

and it appearing that on January 10, 2019, Plaintiffs filed a class action complaint against Defendant, asserting that Defendant violated the FDCPA, 15 U.S.C. §§ 1692g(a)-(b), id. ¶¶ 33-34;

and it appearing that Defendant has failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that Plaintiffs previously filed an application for default judgment in which Plaintiffs sought the maximum of $1,000 each in statutory damages, ECF No. 7.1 at 4-5;

and it appearing that the Court denied Plaintiffs' prior motion because Plaintiffs failed to adduce evidence of "repetitive, egregious FDCPA violations," as is required to receive the maximum statutory damages, see ECF No. 8 at 5 ("the First Default Judgment Order") (citing Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *5 (D.N.J. Dec. 21, 2010));[3]

and it appearing that Plaintiffs filed this Second Motion for Default Judgment on July 28, 2020, again seeking the maximum statutory damages, see Pl. Mem. at 2-4, ECF No. 13.1;

and it appearing that in determining the amount of statutory damages to impose for a FDCPA violation, the Court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional," 15 U.S.C. § 1692k(b);

---

portion thereof, this office will obtain verification of the debt and a copy of such verification, along with the creditor's name and address, will be mailed to you by this office. If you request information, within the thirty (30) day period, the name and address of the original creditor, if different from the current creditor, this office will provide you with the requested information. This is required under the Fair Debt Collection Practices Act.

Compl. ¶ 10 (the "Validation Notice").

[3] The Court previously found that Defendant was properly served, that it has personal jurisdiction over Defendant, and that Plaintiffs sufficiently stated a claim under the FDCPA. See First Default Judgment Order at 2-4. The Court reincorporates those findings here.

and it appearing that Plaintiffs contend that the statutory maximum is appropriate here because Defendant's failure to respond in this action evinces an intent to continue noncompliance, and because Plaintiffs both received the same form letter with the same inconspicuous notice, see generally Pl. Mem. (favorably citing Crossley v. Liberman, 868 F.2d 566, 573 (3d Cir. 1989), and Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008));

and it appearing that the Court finds both Crossley and Edwards to be distinguishable, as plaintiffs in both of those cases presented evidence of repeated, intentional egregious behavior, see Crossley, 868 F.2d at 572-73 (affirming $1,000 in statutory damages because defendant implied that plaintiff, an elderly woman, would lose her home due to a minor debt); Edwards, 586 F. Supp. 2d at 1354 (granting $1,000 in statutory damages when violations were repeated and plaintiff presented evidence that defendant had a policy and practice of violations);

and it appearing that unlike Crossley and Edwards, Plaintiffs provide no evidence that Defendant's FDCPA violation was intentional, frequent, or abusive, see, e.g., Ford, 2010 WL 5392643, at *7 (awarding $350 for singular violation); Manopla v. Bryant, Hodge and Assocs., LLC, No. 13-338, 2014 WL 793555, at *8 (D.N.J. Feb. 26, 2014) (awarding $500 for two violations deemed to be non-egregious);

and it appearing that because the Court determined that a FDCPA violation occurred, "statutory damages [are required] . . . but the maximum penalty is unwarranted," Ford, 2010 WL 5392643, at *5-6; see also Salvati v. Deutsche Bank Nat. Trust Co., N.A., 575 F. App'x 49, 56 (3d Cir. 2014) ("[U]nder the FDCPA, a plaintiff may collect statutory damages even if he has suffered no actual damages.");

and it appearing that the Court thus concludes that a $200 statutory award per Plaintiff is warranted based on the fact that the Plaintiffs' debts were relatively minor, see Dunning Letters at

3

1-2 ($168.05 debt for Biannca Vera, $164.47 debt for Jose Vera), Plaintiffs make no allegations of suffering actual damages, and Plaintiffs provide no evidence that Defendant repeatedly violated the FDCPA aside from the two letters it sent;[4]

and it appearing that after a court is satisfied that the prerequisites for entering default have been met, it must consider the following three factors: (1) "prejudice to the plaintiff if default is denied;" (2) "whether the defendant appears to have a litigable defense;" and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiff will suffer prejudice if the Court denies default because denial would further delay holding Defendant accountable for its FDCPA violation;

and it appearing that, accepting the allegations in the Complaint as true, the Court cannot determine on the record before it whether Defendant has a meritorious defense, see HICA Loan Corp. v. Surikov, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015) (weighing this factor in plaintiff's favor where the defendant failed to respond with "evidence or facts containing information that could provide the basis for a meritorious defense");

and it appearing that Defendant's failure to respond to this lawsuit, in the face of financial injuries, is sufficient to infer culpability, see U.S. Small Bus. Admin. v. Silver Creek Const. LLC, No. 13-6044, 2014 WL 3920489, at *5 (D.N.J. Aug. 11, 2014); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that defendant's failure to respond to communications from plaintiff and court support a finding of culpability);

---

[4] Both Ford and Manopla are particularly instructive here, as both Court orders also resulted from motions for default judgments. The Court ultimately concludes that a lower statutory awards damage is proper, because unlike in Ford and Manopla, Plaintiffs allege no actual damages. See Manopla, 2014 WL 793555, at *7-8; Ford, 2010 WL 5392643, at *7.

and it appearing that entry of default judgment is therefore proper;

**IT IS** on this 1st day of February, 2021;

**ORDERED** that Plaintiffs' Second Motion for Default Judgment, ECF No. 13, is **GRANTED**; and it is further

**ORDERED** that judgment is entered against Defendant in the amount of $200 per Plaintiff, which represents statutory damages resulting from Defendant's FDCPA violation.

                                                */s/ Madeline Cox Arleo*
                                                **MADELINE COX ARLEO**
                                                **UNITED STATES DISTRICT JUDGE**